IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jesse J. Gallerani, # 327920,<br>    Petitioner,<br><br>v.<br><br>Diane S. Goodstein, J; and<br>St. George Detention Center, Dorchester County,<br>    Respondent. | C/A No. 3:11-528-RMG<br><br>**ORDER** |

This is a *pro se* action brought by a former state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules. The Magistrate Judge issued a Report and Recommendation recommending dismissal of the petition. (Dkt. No. 19). Petitioner did not file objections to the Report and Recommendation. As explained herein, this Court agrees with the Report and Recommendation and dismisses the §2254 petition.

## LAW/ ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or commit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to

1

give any explanation for adopting the recommendation. *Camby v. Davis,* 718 F. 2d 198 (4th Cir. 1983).

Petitioner received a sentence of ten years for a conviction of criminal domestic violence, upon the service of six years in custody followed by five years of supervised release. This petition was originally filed by another inmate on Petitioner's behalf and alleges that Petitioner was denied due process by being taken to the Dorchester County Detention Center upon release from the South Carolina Department of Corrections ("SCDC") and that proper exhaustion of state court remedies would be futile and unnecessary because there was no suitable process for Petitioner's claims. This petition was signed by the third party inmate and sent to the Clerk of Court.

Petitioner then informed the Court that he was living in California and sent a check to acquire a copy of the petition filed on his behalf. Petitioner's action created a presumption that he wished to proceed with this petition. Petitioner received a Court Order requiring him to sign the signature page of the petition, or to move to proceed *in forma pauperis*. Petitioner signed the petition, paid the filing fee, and answered a set of interrogatories the Court sent in a second Order. Petitioner's responses revealed that he was no longer serving his sentence in custody at SCDC, that while at the Dorchester County Detention Center, his sentence was modified when he appeared before Judge Goodstein and he was subsequently released, and that he was reporting to the "California Parole" office for his supervised release sentence.

This Court has carefully reviewed and liberally construed Petitioner's claims as required by 28 U.S.C. § 1915, 28 U.S.C. § 1915A and *Estelle v Gamble,* 429 U.S. 97 (1976), and finds Petitioner's habeas corpus claim subject to summary dismissal. First, Petitioner's habeas claim

is barred from federal review for failure to exhaust state court remedies.[1] The Supreme Court has held "that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). If any state court relief is still available, Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *See, e.g., Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977) and *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983). As the Magistrate Judge stated, in South Carolina, a habeas petitioner in federal court may only present those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a post-conviction relief application.[2] Because Petitioner has not exhausted the state court remedies available to him, he is thus barred from federal habeas review.[3]

Petitioner contends that exhaustion would have no purpose because the methods available " 'would be ineffective to protect the rights' of the Petitioner and secure a more immediate and speedier remedy." (Dkt. No. 1-1 at 21)(citations omitted). Petitioner's desire for an "immediate and speedier remedy" does not abrogate the requirement to exhaust all state court remedies before filing a habeas petition with this Court. To the extent that Petitioner argues that " 'there is

---

[1] As noted by the Magistrate Judge, Petitioner's claims are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") because the petition was filed on March 15, 2011, after the effective date of the AEDPA. *Lindh v. Murphy*, 521 U.S. 320 (1997). *See* 28 U.S.C. § 2255(b).

[2] The Petition asserts that "the appeal/certiorari is on the underlying offense challenges and though pending and is at risk – it is not focus of challenge here." (Dkt. No. 1 at 2). The Petition also appears to assert that Petitioner has a pending PCR appeal in the South Carolina Supreme Court asking for a writ of certiorari related to his conviction. (Dkt. No. 1-1 at 18). Petitioner does not assert that he has challenged the alleged conduct contained within his petition in state court.

[3] Under 18 U.S.C. § 2254(b)(1), a writ of habeas corpus regarding a state court judgment will not be granted unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 18 U.S.C. § 2254(b)(1).

3

an absence of [as in the pendent case] of available State corrective process' for the type and magnitude of violation and infringement at issue. . ." as noted above there is no such absence. (Dkt. No. 1-1 at 21). Further, it appears that Petitioner's habeas claim is now moot, as he was seeking immediate release from confinement at Dorchester County Detention Center and he has been released.

Petitioner's denial of due process claim is also without merit. Petitioner contends that he was transferred to another facility without due process, but later in his reply to interrogatories from the Court, indicated that he was given a modified sentence, which allowed him to transfer to the California Parole System. Even if he was not granted a transfer, there is no constitutional right to be placed in a particular institution (*See Olim v. Wakinekona*, 461 U.S. 238 (1983); and *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975)) and placement is a discretionary function of a state or federal correction department unless there are state or federal laws limiting such discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-1017 & n.1 (4th Cir. 1984)(collecting cases). South Carolina law does not create a liberty interest in an inmate's institutional placement. *See, e.g., Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992)(*citing Meachum v. Fano*, 427 U.S. 215 (1976)); *see also, Brown v. Evatt*, 322 S.C. 1989 (S.C. 1996). Petitioner's denial of due process claim is therefore without merit.

## CONCLUSION

Accordingly, the Petitioner's §2254 Petition (Dkt. No 19) is **DISMISSED** *without prejudice* and without service of process.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue...only if the applicant has made

4

a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability...shall indicate which specific issue or issues satisfy the showing required by paragraph (2). 28 U.S.C. § 2253(c).

A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the District Court is likewise debatable. See, Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F. 2d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 12, 2011
Charleston, South Carolina